UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE D. ABRON, ) | |
| ) | |
| Plaintiff, ) | No: 08 CV 1955 |
| ) | |
| vs. ) | Judge Gettleman |
| ) | |
| SOO LINE RAILROAD COMPANY D/B/A ) | Magistrate Schenkier |
| CANADIAN PACIFIC RAILROAD, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(Discrimination based on Disabilities)**

**NATURE OF ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole ANDRE D. ABRON ("ABRON"). Defendant, SOO LINE RAILROAD COMPANY D/B/A CANADIAN PACIFIC RAILROAD ("CANADIAN") discriminated against ABRON, a qualified individual with a disability, because of his disability.

**JURISDICTION AND VENUE**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102

of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A).

The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

1. Plaintiff, ANDRE D. ABRON, (hereinafter "ABRON") is an adult person and a resident of Cook County, State of Illinois.

2. ABRON was an employee of Defendant, SOO LINE RAILROAD D/B/A CANADIAN PACIFIC RAILROAD ("CANADIAN") February 8, 2007.

3. At all times relevant, CANADIAN, has been a foreign corporation doing business in Illinois.

4. CANADIAN is an employer within the meaning of the ADA and has been at all times material to the allegations herein.

5. Plaintiff, ABRON is "disabled" as defined by ADA 42 U.S.C.A. § 12102 (2), in that he has a record of or is regarded as having a drug use impairment that substantially limits one or more of his major life activities.

## STATEMENT OF CLAIMS

6. Despite Defendant listing itself as an equal employment company and having a company policy against Discrimination to those legally disabled, Defendant intentionally discriminated against Plaintiff because of Plaintiff's disability by refusing to provide minimal accommodation required by him, and by Defendant's policy and practice of not accommodating, on many occasions, the physical needs of the Plaintiff..

7. In the alternative, the action of Defendant done pursuant to a policy or practice that has a discriminatory effect on Plaintiff as a disabled person with Plaintiff's type disability, in the following manner: that it is implied that unless an individual is 100%

"normal" physically, he has no right to any employment whatsoever.

8. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111(8) because he can, with reasonable accommodations, perform the essential functions of the job that he held in the employ of the Defendant.

9. The discriminatory action of Defendant as set forth above has caused Plaintiff to suffer losses of earnings, and as a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered in his position, his work environment was impaired and his work performance had been impaired. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

10. Plaintiff has no adequate remedy at law to secure relief. If this court does not enter an order for Defendant to reinstate and accommodate Plaintiff, Plaintiff will be irreparably injured.

11. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the ADA, 42 U.S.C.A. § 12117(a), which incorporates the procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e-5(e).

12. On January 8, 2008, Plaintiff received notice from the EEOC of his right to bring this action (see Exhibit "A"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND COUNT OF ACTION
### (Title VII-RACE DISCRIMINATION)

### Nature of the Action

13. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, for the Defendant, CANADIAN having subjected Plaintiff, ABRON to racial discrimination by failure to treat him the same as other non-African-American Black employees despite ABRON'S repeated complaints about same.

14. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

15. Defendant by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiffs employment and Plaintiff performance in his job and created a racially hostile and offensive and hostile work environment which included racial slurs. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

16. By reason of the racial discrimination and allowing the hostile environment, by Defendant and its agents, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to hisdamage.

17. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

## AS AND FOR A THIRD COUNT OF ACTION
### (Title VII-RACE DISCRIMINATION)

18. Plaintiff realleges each and every allegation set forth above with the same force

and effect as if more fully set forth herein.

19.  Defendant has intentionally retaliated against Plaintiff, based upon filing complaint for Race Discrimination, Religious Discrimination, National Origin Discrimination, and Disparate Treatment because of a Disability and for Requests for Accommodations. Wherein Defendants agents created a hostile and offensive work environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

20. By reason of the retaliation of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

21. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Title VII-RETALIATION)

22.  Plaintiff realleges each and every allegation set forth above with the same force and  effect as if more fully set forth herein.

23.   Defendant has intentionally retaliated against Plaintiff, based upon filing prior complaints for Discrimination with the EEOC, charge number 440-2006-04323. Wherein Defendants agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-(e) et seq, as amended by, inter alia the Civil Rights Act of 1991.

24.   By reason of the retaliation of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

25. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Title VII-RETALIATION (CONTINUING VIOLATION)

26. ABRON repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

27. That since filing his EEOC complaints there has been a continuing violation of retaliation and hostile by providing false, improper or incomplete information to potential employers for which Plaintiff had attempted or sought employment

28. ABRON's health has become impaired as a result of retaliation by the Defendant.

29. As a result of retaliation and discrimination against ABRON, he has lost tangible employment benefits..

30. Plaintiff has no adequate remedy at law to secure relief. If this court does not enter an order for Defendant to reinstate or bar Defendant from retaliation with potential employers, Plaintiff, Plaintiff will be irreparably injured.

31. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the ADA, 42 U.S.C.A. § 12117(a), which incorporates the procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e-5(e).

32. On February 14, 008, 2008, Plaintiff received notice from the EEOC of his right to bring this action (see Exhibit "B"), and Plaintiff timely filed this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

6

   1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

   2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of Defendant;

   3.  For compensatory damages in an amount according to proof;

   4.   For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

   5. For such other and further relief as the court deems proper.


                              ANDRE D. ABRON


                  BY:_____
                         Michael T. Smith
                         Trial Attorney

Michael T. Smith
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626