UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE D. ABRON,<br><br>Plaintiff,<br><br>v.<br><br>SOO LINE RAILROAD COMPANY<br>d/b/a CANADIAN PACIFIC RAILROAD,<br><br>Defendant. | Case Number: 08 CV 01955<br><br>DEFENDANT'S ANSWER<br>TO PLAINTIFF'S COMPLAINT |

## ANSWER TO COMPLAINT

### AS AND FOR A FIRST CAUSE OF ACTION
(Discrimination based on Disabilities)

**Nature of Action**

Defendant Soo Line Railroad d/b/a Canadian Pacific Railroad ("CPR" or "Defendant") for its Answer to Andre D. Abron's ("Abron" or "Plaintiff") Complaint in the above-captioned matter states and alleges as follows:

**JURISDICTION AND VENUE**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 (A). The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

1. Plaintiff, ANDRE D. ABRON, (hereinafter "ABRON") is an adult person and a resident of Cook County, State of Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 1.

2. ABRON was an employee of Defendant, SOO LINE RAILROAD D/B/A CANADIAN PACIFIC RAILROAD ("CANADIAN") February 8, 2007.

**ANSWER:** Defendant admits paragraph 2, except to state that February 8, 2007 is the date Mr. Abron was terminated.

3. At all times relevant, CANADIAN, has been a foreign corporation doing business in Illinois.

**ANSWER:** Defendant admits paragraph 3.

4. CANADIAN is en employer within the meaning of the ADA and has been at all times material to the allegations herein.

**ANSWER:** Defendant admits paragraph 4.

5. Plaintiff, ABRON is "disabled" as defined by ADA 42 U.S.C.A. § 12102 (2), in that he has record of or is regarded as having a drug use impairment that substantially limits one or more of his major life activities.

**ANSWER:** Defendant denies paragraph 5.

## STATEMENT OF CLAIMS

6. Despite Defendant listing itself as an equal employment company and having a

company policy against Discrimination to those legally disabled, Defendant intentionally discriminated against Plaintiff because of Plaintiff's disability by refusing to provide minimal accommodation required by him, and by Defendant's policy and practice of not accommodating, on many occasions, the physical needs of the Plaintiff.

**ANSWER:** Defendant denies paragraph 6.

7. In the alternative, the action of Defendant done pursuant to a policy or practice that has a discriminatory effect on Plaintiff as a disabled person with Plaintiff's type disability, in the following manner: that it is implied that unless an individual is 100% "normal" physically, he has no right to any employment whatsoever.

**ANSWER:** Defendant denies paragraph 7.

8. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. §12111(8) because he can, with reasonable accommodations, perform the essential functions of the job that he held in the employ of the Defendant.

**ANSWER:** Defendant denies paragraph 8.

9. The discriminatory action of Defendant as set forth above has caused Plaintiff to suffer losses of earnings, and as a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered in his position, his work environment was impaired and his work performance had been impaired. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has

suffered such damages in an amount according to proof.

**ANSWER:** Denies paragraph 9.

10. Plaintiff has no adequate remedy at law to secure relief. If this court does not enter an order for Defendant to reinstate and accommodate Plaintiff, Plaintiff will be irreparably injured.

**ANSWER:** Defendant denies paragraph 10.

11. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the ADA, 42 U.S.C.A. §12117(a), which incorporates the procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-5(c).

**ANSWER:** Defendant admits paragraph 11.

12. On January 8, 2008, Plaintiff received notice from the EEOC of his right to bring this action (see Exhibit "A"), and Plaintiff timely filed this action.

**ANSWER:** Defendant admits paragraph 12.

### AS AND FOR A SECOND COUNT OF ACTION
### (Title VII – Race Discrimination)

#### Nature of the Action

13. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by *inter alia*, the Civil Rights Act of 1991, for the Defendant, CANADIAN having subjected Plaintiff, KELLY to racial discrimination by failure to treat him the same as non-African-American Black employees despite KELLY'S repeated complaints about same.

**ANSWER:** Defendant denies paragraph 13.

14. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**ANSWER:** Defendant incorporates by reference its answers to each and every allegation set forth above as though fully set forth herein.

15. Defendant by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff performance in his job and created a racially hostile and offensive and hostile work environment which included racial slurs. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq; as amended by inter alia the Civil Rights Act of 1991.

**ANSWER:** Defendant denies paragraph 15.

16. By reason of the racial discrimination and allowing the hostile environment, by Defendant and its agents, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his (sic) damage.

**ANSWER:** Defendant denies paragraph 16.

17. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER:** Defendant denies paragraph 17.

### AS AND FOR A THIRD COUNT OF ACTION
### (Title VII - Race Discrimination)

18. Plaintiff realleges each and every allegation set forth above with the same force and effort as if more fully set forth herein.

**ANSWER:** Defendant incorporates by reference its answers to each and every

allegation set forth above as though fully set forth herein.

19.　Defendant has intentionally retaliated against Plaintiff, based upon filing complaint for Race Discrimination, Religious Discrimination, National Origin Discrimination, and Disparate Treatment because of a Disability and for Requests for Accommodations. Wherein Defendants agents created a hostile and offensive work environment, all in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

**ANSWER:**　Denies paragraph 19.

20.　By reason of the retaliation of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his (sic) damage.

**ANSWER:**　Defendant denies paragraph 20.

21.　Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER:**　Defendant denies paragraph 21.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Title VII - Retaliation)

22.　Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**　Defendant incorporates by reference its answers to each and every allegation set forth above as though fully set forth herein.

23.　Defendant has intentionally retaliated against Plaintiff, based upon filing prior

complaints for Discrimination with the EEOC, charge number 440-2006-04323. Wherein Defendant's agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

**ANSWER:** Defendant denies paragraph 23.

24. By reason of the retaliation of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

**ANSWER:** Defendant denies paragraph 24.

25. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER:** Defendant denies paragraph 25.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Title VII - Retaliation (Continuing Violation))

26. KELLY repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**ANSWER:** Defendant incorporates by reference its answers to each and every allegation set forth above as though fully set forth herein.

27. That since filing his EEOC complaints there has been a continuing violation of retaliation and hostile (sic) by providing false, improper or incomplete information to potential employers for which Plaintiff had attempted or sought employment.

**ANSWER:** Defendant denies paragraph 27.

28. KELLY'S health has become impaired as a result of retaliation by the Defendant.

**ANSWER:** Defendant denies paragraph 28.

29. As a result of retaliation and discrimination against KELLY, he has lost tangible employment benefits.

**ANSWER:** Defendant denies paragraph 29.

30. Plaintiff has no adequate remedy at law to secure relief. If this court does not enter an order for Defendant to reinstate or bar Defendant from retaliation with potential employers, Plaintiff (sic) will be irreparably injured.

**ANSWER:** Defendant denies paragraph 30.

31. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the ADA, 42 U.S.C.A. §12117(a), which incorporates the procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-5(e).

**ANSWER:** Defendant admits paragraph 31.

32. On February 14, (sic) 2008, Plaintiff received notice from the EEOC of his right to bring this action (see Exhibit "B"), and Plaintiff timely filed this action.

**ANSWER:** Defendant admits paragraph 32.

## DEFENDANT'S AFFIRMATIVE DEFENSES

For its affirmative defenses to this Complaint CPR states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate his damages, if any.

3. Plaintiff's claims are preempted by the Railway Labor Act.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

WHEREFORE, defendant CPR prays for judgment for defendant as follows:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety.

2. The Court award CPR attorney's fees, costs and disbursements in defending this action.

3. The Court award CPR such other and further relief as it deems just and equitable.

Respectfully Submitted,

By: /s/ Maureen A. McGuire
Maureen A. McGuire
One of the Attorney's for Defendant

Maureen A. McGuire
Edward H. MacCabe
Andrew L. Hughes
MacCabe & McGuire
77 West Wacker Drive
Suite 3333
Chicago, Illinois 60601
Telephone:    312-357-2600
Facsimile:    312-357-0317
Email:    mmcguire@maccabe-mcguire.com
emaccabe@maccabe-mcguire.com
ahughes@maccabe-mcguire.com


Daniel L. Palmquist (MN ID # 217694)
Amy Walsh Kern (MN ID # 307609)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1567
E-mail:    dan.palmquist@leonard.com
amy.kern@leonard.com


Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE D. ABRON,<br><br>Plaintiff,<br><br>v.<br><br>SOO LINE RAILROAD COMPANY d/b/a CANADIAN PACIFIC RAILROAD,<br><br>Defendant. | Case Number:   08 CV 01955 |

### NOTICE OF FILING

TO:   Michael T. Smith
       Law Offices of Michael T. Smith
       440 West Irving Park Road
       Roselle, IL 60172
       E-Mail: msmith39950@aol.com

I, Maureen A. McGuire, attorney for defendant, certify that I have served a copy of **DEFENDANT'S ANSWER TO COMPLAINT**, via electronic service on May 9, 2008 before 5:00 p.m.

                                        Respectfully Submitted
                                        MacCabe & McGuire

                              By:   /s/ Maureen A. McGuire
                                        Maureen A. McGuire
                                        Attorney for Defendant

| | |
|---|---|
| Daniel L. Palmquist (MN ID # 217694)<br>Amy Walsh Kern (MN ID # 307609)<br>LEONARD, STREET AND DEINARD<br>Professional Association<br>150 South Fifth Street<br>Suite 2300<br>Minneapolis, MN 55402<br>Telephone: (612) 335-1500<br>Facsimile: (612) 335-1567<br>E-mail: dan.palmquist@leonard.com<br>         amy.kern@leonard.com | Maureen A. McGuire<br>Edward H. MacCabe<br>Andrew L. Hughes<br>MacCabe & McGuire<br>77 West Wacker Drive<br>Suite 3333<br>Chicago, Illinois 60601<br>Telephone:   312-357-2600<br>Facsimile:   312-357-0317<br>Email: mmcguire@maccabe-mcguire.com<br>         emaccabe@maccabe-mcguire.com<br>         ahughes@maccabe-mcguire.com |